CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 08 2009
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| HEIDI STROBEL, | ) | CASE NO. 5:07CV00044 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| W.B.W. ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | By: B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

This action is before the court on the plaintiff's June 19, 2009 Motion For New Trial under Fed. R. Civ. P. 59(a), which was filed after the jury returned a verdict in favor of the defendant, but before any judgment was entered on the verdict. The defendant filed its Brief in Opposition on June 30, 2009.

The bases upon which plaintiff seeks a new trial are: 1) the verdict is against the clear weight of the evidence; 2) it is based on evidence which is false; or 3) it will result in a miscarriage of justice, even though the evidence is sufficient to foreclose the court's directing a verdict (granting a motion for judgment as a matter of law). Plaintiff essentially offers that the evidence the mats were defective or hazardous was overwhelming, and the defendant's knowledge of the mats' condition when installed was never contradicted. She believes that the defendant's evidence, in part, was incredible and rife with gratuitous comments, and that the jury, which found no negligence on the defendant's part, confused questions of negligence and causation in reaching its verdict.[1]

---

[1] Plaintiff's argument that the defendant's evidence was incredible focuses mainly on the testimony of Charles Knight. The court recalls counsel doing little during this witness's testimony to object, move to strike, move for a curative instruction or move for a mistrial. Whatever action was taken by the court with this witness essentially was taken *sua sponte*. The

The defendant first raises a procedural question. It believes the motion before the court is one which properly should have been raised as a motion for judgment as a matter of law at the conclusion of all the evidence under Fed. R. Civ. P. 50. Defendant contends plaintiff has waived any argument concerning the propriety of submitting the case to the jury in the first instance because the prerequisites of Rule 50 were by-passed.

Alternatively, defendant contends that the verdict was not against the clear weight of the evidence and had substantial evidentiary support. Defendant believes there was evidence from a number of witnesses from which the jury could have found no defect in the mats and no notice of the specific safety hazard plaintiff claims caused her fall. Moreover, defendant offers that there is no evidence that Ron Williams, an owner in defendant's enterprise who played the principal role in relation to the mats, ever had actual knowledge of the safety issues which plaintiff claims led to her fall. Thus, defendant believes plaintiff's case rested entirely on whether Williams should have known of any defective condition at the time of plaintiff's accident, which it asserts was a genuine issue of fact for the jury to resolve. Noting that plaintiff currently takes no issue with the law instructed to the jury, defendant offers that the question of its negligence purely was one of fact under the circumstances of the case.

It is true that plaintiff did not move for judgment as a matter of law under Rule 50 at the conclusion of all the evidence and before the case was submitted to the jury.[2] The court believed then, and it believes now, that there were legitimate and sufficient conflicts in the evidence to

---

court was aware of the need to limit the witness's gratuitous testimony but was concerned with going so far as to give the appearance of favoring the plaintiff.

[2]Defendant made such a motion both at the conclusion of plaintiff's case-in-chief and the conclusion of all the evidence, which the court overruled.

2

require resolution of primary negligence, contributory negligence and causation by the jury, not the court.[3] While there were serious conflicts among the testimonies of the witnesses relating to plaintiff's activities, the direction from which she proceeded and the location and condition of the mats, all of which could have caused the jury to discredit some or all of defendant's witnesses, there is insufficient evidence on the record for the court to find that anyone's testimony rose to the level of an outright falsehood or perjury requiring a new trial. At best, plaintiff's post-trial contentions are little more than refined jury argument and do not persuade the court the evidence compelled granting her judgment as a matter of law, even if such a motion properly was before the court. In the end, the court cannot say that there was no admissible, relevant evidence to support the jury's verdict or that error, plain or otherwise, was committed by the court such that the verdict resulted in a miscarriage of justice. *See Chesapeake Paper Products Co. v. Stone & Webster Engineering Corp.*, 51 F.3d 1229 (4th Cir. 1995).

By separate Order, the plaintiff's Motion For New Trial will be DENIED, the Clerk will be directed to enter judgment in favor of the defendant, and the case is to be dismissed from the active docket of the court with costs to be taxed in favor of the defendant.

The Clerk of the Court is hereby directed to transmit a copy of this Memorandum Opinion to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

Date: 7/8/09

---

[3] Of course, by finding no negligence, the jury never reached the other questions.

3